```
                                            U.S. DISTRICT COURT
                                            DISTRICT OF VERMONT
                                                    FILED
       UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF VERMONT          2018 MAR 30 PM 2: 19
             BURLINGTON DIVISION
                                                    CLERK
                                            BY_____
                                               DEPUTY CLERK
```

ELIZABETH HOTCHKISS, )
on behalf of herself and all others )
similarly situated, ) CASE NO.
) 5:18-cv-60
Plaintiff, ) CLASS ACTION COMPLAINT
)
v. ) JURY TRIAL DEMANDED
)
EQUIFAX INFORMATION )
SERVICES, LLC, )
)
Defendant.

Plaintiff Elizabeth Hotchkiss, on behalf of herself and all others similarly situated, files this Class Action Complaint against Equifax Information Services, LLC ("Equifax" or "Defendant"). Plaintiff alleges, based on personal knowledge as to Equifax's actions and upon information and belief as to all other matters, as follows:

## I. PRELIMINARY STATEMENT

1. This is a consumer class action under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") against Equifax, a national consumer reporting agency. In violation of the FCRA, Equifax prepares and furnishes consumer reports that include tax liens that, despite being listed in Vermont public records as having been paid, satisfied, or released, are reported by Equifax as unpaid, unsatisfied, or outstanding.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III.   PARTIES

4. Plaintiff Elizabeth Hotchkiss is an adult individual residing in Essex, Vermont and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant Equifax is a "person" and "consumer reporting agency" as defined by 15 U.S.C. § 1681a(b) and 15 U.S.C. § 1681a(f), respectively. Equifax is authorized to do business in the State of Vermont, has substantial contacts in this District, and is headquartered at 1550 Peachtree Street NW, Atlanta, Georgia 30309.

### IV.   FACTUAL ALLEGATIONS

6. Equifax is one of the "big three" credit reporting agencies (singular "CRA") in the United States.

7. Equifax sells consumer reports (commonly called "credit reports") about millions of consumers annually, including consumers in Vermont.

8. Equifax is regulated by the FCRA.

9. Upon information and belief, for several years Equifax has obtained its information about Vermont bankruptcies, tax liens, and civil liens ("public records" information) from private businesses that it calls "vendors."

10. Equifax has not retrieved actual public records from courthouses, municipal or town offices or government offices for many years.

11. Moreover, Equifax does not purchase the actual court or taxing authority records from its public records information vendors. Rather, it purchases a condensed, summary version of those records, which does not include all the information or most up-to-date information available at the actual courthouses, municipal or town offices or government offices where the actual records are housed.

12. Equifax knows that its public records vendors make mistakes in the condensed, summary public records information that it purchases for credit reporting purposes.

13. Equifax knows that the condensed, summary public records information it purchases for credit reporting purposes routinely does not include the most up-to-date status of the actual records themselves.

14. Equifax thus routinely fails to report accurate information about Vermont tax liens, including the most up-to-date status of those liens.

15. Equifax's practices and procedures regarding the reporting of tax lien information, specifically its failure to report the most up-to-date status of paid or satisfied tax liens, causes widespread harm to Vermont consumers.

16. Equifax also routinely fails to remove Vermont liens from consumers' reports when those liens have become nullities.

17. With respect to Ms. Hotchkiss, on or about December 12, 2011, a Notice of Federal Tax Lien (IRS Form 668(Y)(c)) was recorded in the office of the Essex, Vermont Town Clerk in the total amount of $24,972.41.

18. On or about March 6, 2017, a Certificate of Release of Federal Tax Lien (IRS Form 668(Z)) was recorded in the office of the Essex, Vermont Town Clerk, indicating that Ms. Hotchkiss had satisfied and was released from her obligations noted on the 2011 Notice of Federal Tax Lien.

19. After the tax lien was satisfied and the public record reflected that fact, Equifax nevertheless continued to report the lien as unsatisfied to Ms. Hotchkiss's existing or potential creditors including DirectTV, which used Equifax's report to evaluate Ms. Hotchkiss's creditworthiness on or about May 22, 2017.

20. On or about November 5, 2017, Ms. Hotchkiss reviewed her personal credit report from Equifax. The Equifax credit report contained inaccurate information, including but not limited to, reporting that Ms. Hotchkiss allegedly had an outstanding tax lien against her in the amount of $24,972.00.

21. The tax lien information that Equifax included on Ms. Hotchkiss's report was inaccurate because Ms. Hotchkiss had satisfied her tax obligation and the IRS had filed a Certificate of Release of Federal Tax Lien in the public record nearly three months earlier.

22. Despite the public availability of the notice of the tax lien release, and pursuant to its usual and systematic practice, Equifax did not update its records regarding Ms. Hotchkiss to show that the tax lien had been paid and satisfied.

23. The FCRA provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

24. At all times pertinent hereto, Equifax's conduct was a result of its deliberate policies and practices, was willful, was intentionally accomplished through intended procedures, and was carried out in reckless disregard for a consumer's rights as set forth in § 1681e(b) of the FCRA. Upon information and belief, Equifax's collecting and reporting the initial notice of tax lien is believed to be of greater economic value than collecting and reporting information indicating that a tax lien had been released or satisfied.

25. The reporting of Ms. Hotchkiss's tax lien by Equifax was inaccurate and occurred because Equifax failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of Ms. Hotchkiss's consumer report. Specifically, Equifax does not follow the

4

same automated and systematically rigorous processes to obtain all satisfactions and releases of tax liens that it follows to obtain the original tax lien information.

26. Indeed, Equifax follows no procedure which assures that, every time a tax lien in Vermont is paid or satisfied, the updated status is promptly obtained and reflected upon the consumer's credit report, or that the judgment is removed from that consumer's credit file as may be appropriate.

27. Instead, Equifax continues to report the tax lien balance that it originally purchased from its vendors.

28. In Plaintiff's case, Equifax did not request, receive, or report any updated information as to the status of Ms. Hotchkiss's tax lien in 2017, despite the fact that she had paid it in full and the public record reported it released as of March 6, 2017.

29. At all times pertinent hereto, Equifax was acting by and through its agents, servants and or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Equifax herein.

## CLASS ACTION ALLEGATIONS

30. Plaintiff realleges and incorporates by reference all preceding paragraphs as alleged above.

31. Plaintiff brings this action pursuant to the Federal Rules of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

> All natural persons who: (i) had a tax lien recorded in the State of Vermont, (ii) the tax lien appeared on a consumer report prepared by Equifax and delivered to a third party within the five years prior to the filing of this Complaint, and (iii) the State of Vermont public record indicated that the tax lien had been satisfied or released on a date prior to the date of the Equifax consumer report.

32. Plaintiff reserves the right to amend the definition of the class based on discovery or legal developments.

5

33. **Numerosity. FED. R. CIV. P. 23(a)(1).** The class members are so numerous that joinder of all is impractical. Upon information and belief, Equifax sells hundreds if not thousands of consumer reports each year, and those persons' names and addresses are identifiable through documents maintained by Equifax.

34. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether Equifax willfully violated the FCRA by failing to follow reasonable procedures to assure maximum possible accuracy of the Vermont tax lien information it reported.

35. **Typicality. FED. R. CIV. P. 23(a)(4).** Plaintiff's claims are typical of the claims of each class member. Plaintiff has the same claims for statutory and punitive damages as class members, arising out of Equifax's common course of conduct.

36. **Adequacy. FED. R. CIV. P. 23(a)(3).** Plaintiff is an adequate representative of the class. Her interests are aligned with, and are not antagonistic to, the interests of the members of the class she seeks to represent. She has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the class.

37. **Predominance and Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the class members predominate over questions affecting only individual members and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each class member are such that individual prosecution would prove burdensome and expensive given the complex and extensive

litigation necessitated by Equifax's conduct. It would be virtually impossible for all of the individual members of the class to effectively seek redress of the wrongs done to them. Even if the members of the class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory liens and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Equifax's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## V.   COUNT I

### (Violation of 15 U.S.C. § 1681)

38.   Plaintiff incorporates by reference those paragraphs set out above as though fully set forth herein.

39.   The above-mentioned reports are "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).

40.   Equifax failed to comply with 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the tax lien information in the consumer reports it prepared regarding Plaintiff and the class members.

41.   Pursuant to 15 U.S.C. §§ 1681n and o, Equifax is liable to Plaintiff and all class members for its failure to comply with FCRA § 1681e(b), in an amount equal to the sum of (1) damages of not less than $100 and not more than $1,000 per violation; (2) actual damages; (3) punitive damages in an amount to be determined by the jury; (4) attorney's fees; and (5) litigation costs, as well as such further relief as may be permitted by law.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for relief as follows:

A.   An order certifying the case as a class action on behalf of the proposed Class under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel of record to represent same;

B.   An award of actual, statutory and punitive damages for Plaintiff and the Class;

C.   An award of pre-judgment and post-judgment interest as provided by law;

D.   An award of attorneys' fees and costs; and

E.   Such other relief as the Court deems just and proper.

DATE: March 30, 2018

Respectfully submitted,

By: _____

Joshua L. Simonds
**THE BURLINGTON LAW PRACTICE**
2 Church Street, Suite 2-G
Burlington, Vermont 05401
Telephone: (802) 651-5370
Facsimile: (802) 651-5374
jls@burlingtonlawpractice.com

**FRANCIS & MAILMAN, P.C.**

By: _____

James A. Francis*[1]
John Soumilas*
Jordan M. Sartell*
100 S. Broad Street, Suite 1902
Philadelphia, PA 19110
T: 215.735.8600
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
jsartell@consumerlawfirm.com

---

[1] * motion to appear pro hac vice forthcoming